# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

YOLANDA MONTOYA,

    Plaintiff,

v.                                                                              Civ. No. 19-271 JAP/LF

ANDREW M. SAUL,[1] Commissioner
of the Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On January 17, 2020, Plaintiff filed her initial motion to reverse and/or remand the Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 1381 *et seq*. *See* MOTION TO REVERSE AND/OR REMAND (Doc. 20). Approximately two weeks later, on January 31, 2020, Plaintiff moved for leave to amend her motion to assert a new argument that she did not raise at the administrative level. *See* MOTION FOR LEAVE TO AMEND MOTION TO REVERSE AND/OR REMAND (Mot.) (Doc. 22). The Commissioner filed a response in opposition on February 13, 2020, and Plaintiff filed a reply on February 19, 2020. Docs. 24, 25.

The new argument Plaintiff seeks to make is that she is entitled to a new hearing before a constitutionally appointed Administrative Law Judge (ALJ) because the ALJ who decided her case "was not appointed in compliance with the Appointments Clause of the U.S. Constitution." *See* Doc. 22-2 at 25–26. In support of this argument, Plaintiff relies on two cases that were decided shortly after she filed her initial motion to reverse and/or remand. Mot. at 1–2. In the first case, *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020), decided January 23, 2020,

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

1

the plaintiffs' claims were not heard by constitutionally appointed ALJs in the proceedings before the Social Security Administration (SSA), but the plaintiffs failed to raise this issue at the administrative level. *Id*. at 152. The Third Circuit Court of Appeals held that "exhaustion of Appointments Clause claims is not required in the SSA context" and remanded "to the Social Security Administration for new hearings before constitutionally appointed ALJs." *Id*. at 153, 159–60. In the second case, *McCray v. Soc. Sec. Admin.*, 2020 WL 429232 (D.N.M. 2020), decided January 28, 2020, United States District Judge James O. Browning held that the plaintiff did not waive "his Appointments Clause argument by failing to raise it before the ALJ or the Social Security Appeals Council." *Id*. at \*14. Because the ALJ who presided over the plaintiff's claims proceeding "was not appointed to the position in accordance with the Appointments Clause," Judge Browning remanded "the case to the Social Security Administration for proceedings before a properly appointed ALJ." *Id*. at \*21.

The Court has the discretion "to allow a party to amend a motion to 'ensure that the case is adjudicated fairly and justly,' particularly when 'the adverse parties will not be prejudiced by the amendment.'" *Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 133 (D.D.C. 2018) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1194 (3d ed. 2018)). "[A] motion may be amended at any time before the judge has acted upon the request, although it is particularly inappropriate after briefs have been interposed by the opposing parties, oral arguments have been heard, or other forms of reliance have been built up on the basis of the original motion." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1194 (3d ed. 2018).

The Court will grant Plaintiff leave to amend her motion to assert her Appointments Clause argument. Plaintiff has provided an adequate explanation for her failure to raise this argument in

2

her initial motion. She timely sought leave to amend her motion well in advance of the March 18, 2020 deadline for the Commissioner's response brief. The Commissioner has not suffered any prejudice because he still has the opportunity to respond to the Appointments Clause argument before the Court issues its decision. The Court will therefore **GRANT** Plaintiff's MOTION FOR LEAVE TO AMEND MOTION TO REVERSE AND/OR REMAND (Doc. 22).

**IT IS ORDERED** that:

1. By March 12, 2020, Plaintiff will file her amended motion to reverse and/or remand (Doc. 22-2) as a separate docket entry;

2. The Commissioner will have until April 17, 2020 to file a response brief; and

3. Plaintiff may file a reply brief by April 30, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE