IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YOLANDA MONTOYA,

    Plaintiff,

v.                                                                                          1:19-cv-00271-JAP-LF

KILOLO KIJAKAZI,[1] Acting Commissioner
of the Social Security Administration,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

THIS MATTER comes before the Court on Plaintiff Yolanda Montoya's Motion for Attorney Fees Pursuant to Equal Access to Justice Act ("Motion"), filed on January 4, 2021. *See* Doc. 35. The Commissioner filed a response in opposition to the Motion on January 19, 2021, and Ms. Montoya filed a reply on February 1, 2021. *See* Docs. 36, 37. On July 15, 2021, Senior District Judge James Parker referred this matter to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3), to perform any legal analysis required to recommend to the Court an ultimate disposition of this case. Doc. 39. Having considered the briefing, and the relevant law, I find that an award of attorney fees is appropriate, but that the amount of fees requested is excessive. I therefore recommend the Court grant the motion in part and deny the motion in part.

**I. Background**

On March 26, 2019, Ms. Montoya filed suit in this Court, seeking reversal and remand of the decision by the Social Security Administration ("SSA") to deny Ms. Montoya's application for Disability Insurance Benefits ("DIB"). Doc. 1. In her Amended Motion to Reverse and/or

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

Remand, Ms. Montoya raised six arguments. Doc. 29. In pertinent part, Ms. Montoya argued that: (1) the Administrative Law Judge ("ALJ") did not have the authority to hear her claim because he was not properly appointed under the Appointments Clause of the Constitution at the time of the hearing; (2) the ALJ erred at step two in determining that Ms. Montoya's migraine headaches were a non-severe impairment, and (3) the ALJ erroneously failed to consider the limiting effects of her migraine headaches when he formulated her residual functional capacity ("RFC"). *See* Doc. 33 at 5–6. The Court found in the Commissioner's favor on the first two claims of error and in Ms. Montoya's favor on her third claim of error. *Id*. at 6–13. The Court remanded the case on the basis of the third claim of error, and declined to address Ms. Montoya's remaining claims because they might be affected by the ALJ's treatment of the case on remand. *Id*. at 12–13.

In the present Motion, Ms. Montoya seeks attorney fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Turning first to costs, Ms. Montoya seeks to recoup the cost of the court filing fee, which is $400.00. Doc. 35-1 at 4. The Commissioner does not object to Ms. Montoya's request for reimbursement of the $400.00 filing fee. I therefore recommend that the Court find that Ms. Montoya is entitled to recover this cost as a matter of law. *See* 28 U.S.C. § 2412(a)(1); 28 U.S.C. § 1920(1).

As for attorney fees under the EAJA, counsel for Ms. Montoya seeks attorney fees in the amount of $9,245.50 for 45.1 hours spent providing professional services to Ms. Montoya in this matter at a rate of $205.00 per hour. *See* Docs. 35 at 3, 35-1 at 1. Counsel requests an additional $1,496.50 for 7.3 hours of work briefing the present Motion, bringing the total requested fees

under the EAJA to $10,742.00.² *See* Doc. 37-1. The Commissioner opposes the Motion to the extent it seeks attorney fees, arguing that the Court should deny EAJA fees because the Commissioner's position in opposing Ms. Montoya's Amended Motion to Reverse and/or Remand was substantially justified. Doc. 36 at 1, 3–5. In the alternative, the Commissioner argues that if the Court finds an EAJA award appropriate, the award should be reduced because the requested amount of fees is excessive and unreasonable. *Id*. at 1, 6–10.

## II. Analysis

### A. Substantial Justification

The EAJA provides for an award of attorney fees when: "(1) plaintiff is a prevailing party; (2) the position of the United States was not substantially justified; and, (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotation marks omitted) (citing 28 U.S.C. § 2412(d)(1)(A)). The Commissioner bears the burden of proving that the government's position was substantially justified. *Hackett*, 475 F.3d at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). The test for substantial justification "is one of reasonableness in law and fact." *Gilbert*, 45 F.3d at 1394. The government's position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 US. 552, 565 (1988) (quotation marks omitted). The government's "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quotation marks and citation omitted); *Lopez v. Berryhill*, 690 F. App'x 613, 614 (10th Cir. 2017) (unpublished) ("When a district court reviews an EAJA application, . . . it considers (among other things) whether the government's

---

² Although counsel for Ms. Montoya stated in the Reply that he expended 5.2 hours in briefing the Motion and Reply, his invoice shows 7.3 hours spent on this briefing billed at a rate of $205.00 per hour. *See* Doc. 37-1 at 1; *see also* Doc. 37 at 8.

3

litigating position enjoyed substantial justification in fact and law; that is whether its litigating position was *reasonable* even if *wrong*." (quotation marks and citation omitted)).

Importantly, in the context of Social Security appeals, the "position of the United States" refers to both "the position of the ALJ" and "the position of the government in a subsequent civil action/appeal before a district court[,]" each of which must be substantially justified. *Hackett*, 475 F.3d at 1173; *see* 28 U.S.C. § 2412(d)(2)(D). Although not categorically impossible for the government's reasonable litigation position to "cure" unreasonable agency action, where the ALJ is found to have made an unreasonable ruling at the agency level, EAJA fees generally should be awarded "even if the government advanced a reasonable litigation position" on appeal in the district court. *Hackett*, 475 F.3d at 1173–74 (quotation marks and citation omitted). Where neither the ALJ's position nor the government's litigation position is substantially justified, it is an abuse of discretion to deny an EAJA application. *Id.* at 1174–75.

Here, the Commissioner argues that the Court should deny EAJA fees because her position was "substantially justified." Doc. 36 at 1. Specifically, she argues that her "litigation position in this case was largely successful" and insists that she was substantially justified in taking the position she did regarding the ALJ's failure to account for Ms. Montoya's migraine headaches in assessing Ms. Montoya's RFC, the only basis on which the Court remanded. Doc. 36 at 3–5. I disagree with the Commissioner about the reasonableness of the position she took in the appeal. I also find that the Commissioner's contention that an EAJA award is not warranted in this case fails because the Commissioner offers no argument whatsoever regarding how the ALJ's position was substantially justified.

Regarding her litigation position, the Commissioner argues that "although [her] position on the single issue of Plaintiff's migraine-related limitations was not ultimately successful, there

4

was a reasonable basis in fact and law for the undersigned counsel to believe that the ALJ had not harmfully erred and thinking it [her] duty to defend this action." Doc. 36 at 5. Specifically, she argues that she "reasonably argued that the ALJ's RFC assessment—for the least demanding type of work available—accounted for any supported limitations from migraine headaches, or put another way, that any lack of express analysis in the RFC section of the decision was harmless[.]" Doc. 36 at 4. The Commissioner's argument reflects a misunderstanding of the law and of the Court's decision in this case.

  An ALJ's error is harmless only "where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). Here, in granting Ms. Montoya's Amended Motion to Reverse and/or Remand, the Court concluded that the ALJ failed to consider Ms. Montoya's headache impairment at all when he formulated her RFC, not that he improperly considered evidence. *See* Doc. 33 at 10–13. The Court (1) cited more than half-a-dozen medical records containing objective medical evidence chronicling Ms. Montoya's history of migraines that were wholly unaccounted for by the ALJ, (2) noted that the ALJ failed to address Ms. Montoya's hearing testimony regarding the work-related functional limitations caused by her headaches, and (3) concluded that the ALJ committed legal error by failing to consider the limiting effects of one of Ms. Montoya's undisputed impairments as he was required to do under 20 C.F.R. § 404.1545(e). *See* Doc. 30 at 10–12. In other words, the entire basis for the Court's remand was that it concluded that the ALJ's "position"—that Ms. Montoya failed to establish her disability—was not substantially justified as a matter of law, i.e., unreasonable, owing to the

5

ALJ's failure to demonstrate that it considered all relevant material and correctly applied the law in analyzing Ms. Montoya's disability claim. *See id.*

The Commissioner's contention that her litigation position defending the ALJ's decision—a position properly characterized as resting on impermissible post-hoc rationalizations, *see Allen*, 357 F.3d at 1142 ("Affirming this post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.")—was substantially justified necessarily fails. *See Hackett*, 475 F.3d at 1173–75 (explaining that an entirely new rationale for affirmance on grounds different from those previously considered by the ALJ is not a true harmless error argument, and holding that the district court erred in denying an EAJA application where the Commissioner had "articulated new legal arguments" that the district court relied on to deny the application). Because the Commissioner has not met her burden of showing that the United States' position was substantially justified, Ms. Montoya is entitled to an award of EAJA fees.

## B. Reasonableness of the Amount of EAJA Fees

Once the Court determines that the government's position was not substantially justified, "then the [C]ourt should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008) (unpublished). The Court, in its discretion, may reduce an award by excluding hours that were not reasonably expended. *See* 28 U.S.C. § 2412(d)(1)(C); *Hensley v. Eckerhart*, 461 U.S. 424, 426, 437 (1983) (interpreting attorney-fee request under 42 U.S.C. § 1988); *see also Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990) (explaining that once a litigant has established

eligibility for fees under the EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*").

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise "billing judgment" regarding the number of hours actually billed. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (quotation marks and citation omitted). To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. *Id.* The Court has a corresponding obligation to exclude hours "not reasonably expended" from the calculation. *Id.* (quotation marks and citation omitted).

As stated earlier, counsel for Ms. Montoya seeks to recover $10,742.00 in attorney fees representing 52.4 hours billed at a rate of $205.00 per hour. *See* Doc. 35-1, Doc. 37-1. The Commissioner argues that at least $2,296.00—representing 11.2 hours of attorney time—should be deducted from the award. In support of this argument, the Commissioner cites a number of tasks for which, in the Commissioner's view, the time billed by Ms. Montoya's counsel was unreasonable and/or excessive. *See* Doc. 36 at 7–10. In particular, the Commissioner points to 5.2 hours billed for Ms. Montoya's Appointments Clause argument, and 6.3 hours spent drafting the hearing testimony and procedural history sections of Ms. Montoya's Amended Motion to Reverse and Remand. Doc. 36 at 8–9.

Although there is no bright-line limitation on the number of hours that an attorney may reasonably expend on a Social Security case, several courts have noted that the typical EAJA fee application in Social Security cases seeks attorney fees for not more than 40 hours of work. *See*

*e.g.*, *Halencak v. Berryhill*, CIV-17-395-STE, 2018 WL 3354886, *2 (W.D. Okla. July 9, 2018) (collecting cases to demonstrate that "[n]umerous courts have noted that an average of 20 to 40 hours of attorney time is typically expended to prosecute a [S]ocial [S]ecurity appeal through to judgment on the merits in federal court"); *Martinez v. Colvin*, 1:15-cv-806 LF, 2016 WL 9774938, *2 (D.N.M. Nov. 30, 2016) (stating that "[c]ourts have held the average hours required to fully brief a [S]ocial [S]ecurity appeal in the Tenth Circuit generally range from 20-40 hours"; however, "[m]ore hours may be justified where the administrative record is especially extensive or where novel or complex issues are presented"); *Williams v. Colvin*, No. 5:14-CV-4028-JTM, 2015 WL 6808599, *3 (D. Kan. Nov. 5, 2015) ("[T]he rule of thumb [is] that the typical EAJA fee application in [S]ocial [S]ecurity cases is between 30 and 40 hours.").

Here, the hours incurred by Ms. Montoya's counsel significantly exceed the average range of hours spent on similar cases. There was nothing particularly unusual or complex about this case. With the exception of the Appointments Clause challenge, the arguments that counsel made on behalf of Ms. Montoya were typical of Social Security appeals. The Appointments Clause argument itself was being litigated in various other cases in this district and at the circuit level; as such, counsel was not presenting it as a novel argument for the first time in this case. Indeed, counsel readily admits that he recycled the Appointments Clause argument from another case. *See* Doc. 37 at 6. The medical record was of average length—685 pages long. Moreover, counsel has vast experience handling Social Security appeals. Accordingly, I find that counsel's total expenditure of 52.4 hours is excessive under the circumstances of this case.

In exercising its discretion to reduce attorney fees, the Court is not required to "identify and justify each disallowed hour[,]" and the Court refrains from doing so here. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986); *Williams v. Astrue*, No. 06-4027-SAC,

2007 WL 2582177, *1 (D. Kan. Aug. 28, 2007). Rather than reformulating counsel's invoice based on the Court's notion of what might be a reasonable time expenditure for each task enumerated, I recommend that the Court reduce counsel's invoice by 11.2 hours and approve his fee application for 41.2 hours at the rate of $205.00 per hour ($8,446.00)—representing the higher end of a typical EAJA fee application in Social Security cases.[3] *See Mares*, 801 F.2d at 1202–03 (reasoning that a court should not allow a dispute over attorney fees to "result in a second major litigation" wherein the court effectively designates the number of hours required for each legal task, causing counsel to insist that his integrity is being impugned when the court questions the number of hours he has logged).

**III. Conclusion**

For the reasons stated above, I recommend that the Court GRANT IN PART Ms. Montoya's Motion for Attorney Fees Pursuant to Equal Access to Justice Act (Doc. 35). Specifically, I recommend that:

1. The Court find that Ms. Montoya is entitled to recoup the cost of the filing fee, which is $400.00, under 28 U.S.C. § 1920(1); and

---

[3] Although I decline to undertake a task-by-task reformulation of Ms. Montoya's counsel's bill to reflect what is a reasonable expenditure of time, some notable examples of apparent excess in the bill include: 4.4 hours spent drafting a four-page "procedural history section" of Ms. Montoya's Amended Motion to Reverse and/or Remand—most of which consisted of verbatim recitation of the ALJ's written decision; 9.1 hours spent drafting a five page "medical evidence" section of the Amended Motion to Reverse and/or Remand on top of the 6.7 hours counsel spent reviewing the medical record, which was of average length; and 8.1 hours spent preparing a reply brief which, in six pages, reiterated arguments previously made in the Amended Motion to Reverse and/or Remand. *See* Doc. 37-1 at 2–4. As to each of these examples, I find that a reasonable attorney under similar circumstances could have accomplished these tasks in less time than that reflected in counsel's bill, particularly when the Court considers counsel's vast experience handling Social Security appeals.

2. The Court award Ms. Montoya $8,446.00 in attorney fees under the EAJA, 28 U.S.C. § 2412(d).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge